**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual, | Civil Action No.: 1:20-cv-08114-AKH |
| Plaintiff, | |
| v. | |
| CONTENT IQ LLC, a New York Limited Liability Company, individually and doing business as "BoredomTherapy.com," "MentalFlare.com," "EternallySunny.com," "HerMoment.com," "RichVerse.com," "MoneyVersed.com," and "HonestToPaws.com"; and DOES 1-10, inclusive, | |
| Defendants. | |

## STIPULATION AND AGREED UPON PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action;

### GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)     The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

(c)     Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d)     Research and development information;

(e)     Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f)     Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g)     Information related to internal operations including personnel information;

(h)     Information related to past, current and future product development;

(i)     Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j)     Trade secrets.

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense

of the producing party and which represents valuable tangible and intangible assets of that party.

Additionally, privacy interests must be safeguarded.  Accordingly, the parties respectfully submit

that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions

shall apply to this civil action.  Until such time as the Court approves this Protective Order, the

parties stipulate and agree that they will comply with the terms herein so as to not delay

discovery.

1.     Designated Material.

1.1     Information or material may be designated for confidential treatment pursuant to

this Protective Order by any party, person or entity producing or lodging it in this action (the

"Designating Party"), if:  (a) produced or served, formally or informally, pursuant to the Federal

Rules of Civil Procedure, Court Order, or in response to any other formal or informal discovery

request in this action; and/or (b) filed or lodged with the Court.  All such information and

material and all information or material derived from it constitutes "Designated Material" under

this Protective Order.

1.2     Unless and until otherwise ordered by the Court or agreed to in writing by the

parties, all Designated Materials designated under this Protective Order shall be used by the

parties and persons receiving such Designated Materials solely for conducting the above-

captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not

be used by any party or person receiving them for any business or any other purpose, including

in connection with any other litigation.  No party or person shall disclose Designated Material to

any other party or person not entitled to receive such Designated Material under the specific

terms of this Protective Order.  For purposes of this Protective Order, "disclose" or "disclosed"

means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated

Material or its contents, orally or in writing, including the original or any copy of the Designated

Material.

2.      <u>Access to Designated Materials</u>.

2.1     <u>Materials Designated "CONFIDENTIAL"</u>:  Subject to the limitations set forth in

this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose

of preventing the disclosure of information or materials that the designating party in good faith

believes is confidential.  Before designating any specific information or material

"CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that

the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

Such information may include, but is not limited to:

(a)     The financial performance or results of the Designating Party, including without

limitation income statements, balance sheets, cash flow analyses, budget projections, and present

value calculations;

(b)     Corporate and strategic planning by the Designating Party, including without

limitation marketing plans, competitive intelligence reports, sales projections and competitive

strategy documents;

(c)     Names, addresses, and other information that would identify customers or

prospective customers, or the distributors or prospective distributors of the Designating Party;

(d)     Technical data, research and development data, and any other confidential

commercial information, including but not limited to trade secrets of the Designating Party;

(e)     Information used by the Designating Party in or pertaining to its trade or business,

which information the Designating Party believes in good faith has competitive value, which is

not generally known to others and which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

(f)     Information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or the State of New York; and

(g)     Information which the Designating Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other sensitive information.

(h)     The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

2.1.1   Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

2.1.2   Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof, said disclosure limited to the portion of the Designated Material to which the person had prior access as an author, addressee, or recipient;

2.1.3   Counsel retained as outside litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations.

2.1.4   Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section

2.3.  Each consultant must sign a certification that he or she has read this Stipulated Protective

Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the

enforcement of this Order's provisions.

2.1.5   A party's officers and/or employees, which may include in-house counsel.

2.1.6   The Court, its clerks and secretaries, and any court reporter retained to record

proceedings before the Court;

2.2   <u>Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

<u>ONLY":</u>  Subject to the limitations in this Protective Order, Designated Materials may be

marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purpose of

preventing the disclosure of information or materials which, if disclosed to the receiving party,

might cause competitive harm to the Designating Party.  Information and material that may be

subject to this protection includes, but is not limited to, technical and/or research and

development data, intellectual property, financial, marketing and other sales data, and/or

information having strategic commercial value pertaining to the Designating Party's trade or

business.  Nothing in paragraph 2.1 shall limit the information or material that can be designated

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this paragraph.  Before

designating any specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," the Designating Party's counsel shall make a good faith determination that the

information warrants such protection.

2.2.1   Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" materials may be disclosed only to the following Designees:

2.2.2   Persons who appear on the face of Designated Materials marked "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author, addressee, or recipient thereof,

said disclosure limited to the portion of the Designated Material to which the person had prior

access as an author, addressee, or recipient;

2.2.3   Counsel for the parties to this action, as defined in section 2.1.2;

2.2.4   Consultants for the parties to this action, as defined in section 2.1.3; and

2.2.5   The Court, its clerks and secretaries, and any court reporter retained to record

proceedings before the Court.

2.2.6   Court reporters retained to transcribe depositions.

2.3   If any party wishes to disclose information or materials designated under this

Protective Order as "HIGHLY CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" to any Consultant, it must first identify that individual to the Counsel for the

Designating Party and submit a Certification of Consultant pursuant to Section 3.  No disclosure

may occur for a period of seven (7) days from the Designating Party's receipt of the

Certification.  If, during those seven (7) days, the Designating Party does not object to the

designation or the Designating Party consents in writing, disclosure may proceed under this

Protective Order.  If the Designating Party objects to allowing access by the Consultant to

Designated Material and the parties are unable to reach an agreement within fourteen (14) days

after the Designating Party's receipt of the Certification, the party wishing to disclose Designated

Material must seek the assistance of the Court within seven (7) days.

2.4   Legal Effect of Designation.  The designation of any information or materials as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended

solely to facilitate the conduct of this litigation.  Neither such designation nor treatment in

conformity with such designation shall be construed in any way as an admission or agreement by

any party that the Designated Materials constitute or contain any trade secret or confidential

information.  Except as provided in this Protective Order, no party to this action shall be

obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a

subsequent attack on the propriety of such designation.

2.5    Nothing herein in any way restricts the ability of the receiving party to use

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material

produced to it in examining or cross-examining any current employee or Consultant of the

Designating Party.

3.    <u>Certificates Concerning Designated Materials</u>.  Each Consultant as defined in

section 2.1.3, to whom any Designated Materials will be disclosed shall, prior to disclosure of

such material, execute the Acknowledgement of Stipulated Protective Order in the form attached

hereto as **Exhibit A**.  Counsel who makes any disclosure of Designated Materials shall retain

each executed Acknowledgement of Stipulated Protective Order and shall circulate copies to all

Counsel for the opposing party concurrently with the identification of the Consultant to the

attorneys for the Designating Party pursuant to Section 2.3.

4.    <u>Use of Designated Materials by Designating Party</u>.  Nothing in this Protective

Order shall limit a Designating Party's use of its own information or materials, or prevent a

Designating Party from disclosing its own information or materials to any person.  Such

disclosure shall not affect any designations made pursuant to the terms of this Protective Order,

so long as the disclosure is made in a manner that is reasonably calculated to maintain the

confidentiality of the information.

5.    <u>Manner of Designating Written Materials</u>.

5.1     Documents, discovery responses and other written materials shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

5.2     The producing party shall designate materials by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production or, in the case of electronically stored information produced in native format, on a placeholder page and/or in the file name of the native file.  If the first or cover page of a multi-page document or a native file name bears the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the entire document or file shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Order.  If the label affixed to storage media containing multiple files bears the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire storage media shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

5.3     A designation of ""CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be categorized as a document, shall be made:  (1) by placing the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the thing, object or container within which it is stored; or (2) by specifically identifying, in writing, the item and the level of confidentiality designation, where such labeling is not feasible.

5.4     When a party wishes to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1    Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

5.4.2    By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

5.4.3    A party shall be permitted to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

a. The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); or (iii) under circumstances in which an obligation of confidentiality may be inferred or implied, and

b. The material being produced would be considered confidential material of the Designating Party under Section 2.1 of this Agreement if it were in the possession of the Designating Party.

5.5    Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

5.5.1    Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

5.5.2   Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

5.5.3   If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

6.   <u>Manner of Designating Deposition Testimony</u>.

6.1   Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2   Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

6.3   Within thirty (30) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material.  During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation).  If any party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

7.     Copies.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

8.     Court Procedures.

8.1     Disclosure of Designated Material to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court), and to the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

8.2     Retrieval of Designated Materials.  The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including after any appeals).

9.     Objections

9.1     A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of Sections 1 and 2 by following the procedures set forth in the Local Rules and/or the Judge's Individual Rules.

9.2     The parties shall meet and confer in good faith prior to the filing of any objection motion.

10.     <u>Client Communication</u>.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.     <u>No Prejudice</u>.

11.1     This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

11.2     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3     If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof.

11.4     Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other

applicable privilege or doctrines.  All parties specifically reserve the right to demand the return

of any privileged documents that it may produce inadvertently during discovery if the producing

party determines that such documents contain privileged information.  After receiving notice of

such inadvertent production by the producing party, the receiving party agrees to make

reasonable and good faith efforts to locate and return to the producing party all such

inadvertently produced documents.

   12.   Modification and Survival.

   12.1   Modification.  The parties reserve the right to seek modification of this Protective

Order at any time for good cause.  The parties agree to meet and confer prior to seeking to

modify this Protective Order for any reason.  The restrictions imposed by this Protective Order

may only be modified or terminated by written stipulation of all parties or by order of this Court.

Parties entering into this Protective Order will not be deemed to have waived any of their rights

to seek later amendment to this Protective Order.

   12.2   Trial.  The parties understand that this Protective Order does not extend to trial of

this Action.  Once the case proceeds to trial, all of the information that was designated as

confidential and/or kept and maintained pursuant to the terms of this Protective Order becomes

public and will be presumptively available to all members of the public, including the press,

unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

   12.3   Survival and Return of Designated Material.  This Protective Order shall survive

termination of this action prior to trial of this action.  Upon final termination of the action prior

to trial of this action, and at the written request of the Designating Party, all Designated Material,

including deposition testimony, and all copies thereof, shall be returned to counsel for the

Designating Party or destroyed by the receiving party to the extent reasonably technically

possible.  The duty to destroy Designated Material shall not extend to electronically stored information contained in the archives of the receiving party, a copy of any motions, memoranda, or orders made part of the Court record, or electronically stored attorney work product that is maintained confidentially.  Upon request for the return or destruction of Designated Materials, counsel shall certify their compliance with this provision and shall serve such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials.  Counsel who have submitted one or more Certificate(s) prepared pursuant to Section 3 do not need to retain such Certificate(s) past the ninety (90) day period.

13.     No Contract.  This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

14.     Court's Retention of Jurisdiction.  The Court retains jurisdiction after final termination of the action prior to trial, to enforce this Stipulation.

15.     Exception for Public Information.  Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder.  However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

16.     Any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a party that is created by a Designating Party will be deemed by the Designating Party to this agreement to be an authentic record of the Designating Party for

purposes of Federal Rules of Evidence 901 and 903 only, and the Designating Party will be

precluded from challenging the authenticity of any document so designated as a record of the

Designating Party at any time during this litigation, including during any necessary collection or

appeal proceedings.  This stipulation is not a stipulation that documents created by someone

other than the Designating Party are authentic for the purposes of Federal Rules of Evidence 901

or 903.

## **STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their respective

counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be

entered in this action.

SO STIPULATED.

Dated: September 13, 2021    By:     */s/ Scott Alan Burroughs*
                                     Scott Alan Burroughs
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff Elliot McGucken


Dated: September 13, 2021    By:     */s/ Hartley T. Bernstein*
                                     Hartley T. Bernstein
                                     BERNSTEIN CHERNEY LLP
                                     Attorneys for Defendant Content IQ LLC

## **SO ORDERED.**

Dated: New York, New York
_____September 15__, 2021

                                      /s/ Alvin K. Hellerstein
                             _____
                             Hon. Alvin K. Hellerstein
                             United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual, | Civil Action No.: 1:20-cv-08114-AKH |
| Plaintiff, | |
| v. | |
| CONTENT IQ LLC, a New York Limited Liability Company, individually and doing business as "BoredomTherapy.com," "MentalFlare.com," "EternallySunny.com," "HerMoment.com," "RichVerse.com," "MoneyVersed.com," and "HonestToPaws.com"; and DOES 1-10, inclusive, | |
| Defendants. | |

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER entered in the above captioned litigation, and that he/she fully understands and agrees to abide by the obligations and conditions thereof.

Dated: _____

_____
(Signature)

_____
(Print Name)