UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                :

ELLIOT MCGUCKEN,                :

                                :       **ORDER AND OPINION**
                    Plaintiff,  :       **GRANTING LEAVE TO FILE**
       -against-          :       **FIRST AMENDED COMPLAINT**
                                :

CONTENT IQ LLC,              :         20 Civ. 8114 (AKH)
                                :

                    Defendant.  :
                                :
-------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Elliot McGucken ("Plaintiff") brings suit for copyright infringement

against Defendant Content IQ, LLC ("Defendant") under the Copyright Act of 1976, 17 U.S.C.

§§ 101 *et seq.* On February 22, 2021, the parties agreed to a scheduling order, which set June 25,

2021 as the deadline for seeking leave to amend. ECF No. 14. Notwithstanding a deadline six

months past, Plaintiff now moves for leave to file a first amended complaint to correct the

registration numbers of the photographs at issue. ECF No. 33. For reasons provided below, the

motion is granted.

**BACKGROUND**

        Plaintiff sues Defendant for unconsented use of his photographs in connection

with various articles that Defendant published on its various websites. The parties are in the

process of completing fact discovery, which has been the subject of some dispute. *See, e.g.*, ECF

Nos. 23, 27. Plaintiff originally submitted a letter motion, requesting leave to file a first

amended complaint on October 29, 2021 (ECF No. 28), which I rejected because, consistent with

my Individual Rules, I do not accept letters. ECF No. 30. Plaintiff then submitted a letter on

November 5, 2021, requesting an extension of time to complete non-expert discovery (ECF

1

No.31), which I granted and gave the parties until November 19, 2021 to complete such discovery.  ECF No. 32.  Plaintiff now moves for leave to file a first amended complaint to correct "scrivener's errors" and substitute the correct registration numbers in paragraph 10 of his complaint.  Motion for Leave to File First Amended Complaint ("Motion"), ECF No. 35.

## DISCUSSION

I. Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may generally "amend its pleading only with the opposing party's written consent or the court's leave," but that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  District courts nevertheless have "the discretion to deny leave if there [is] good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."  *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 159 (2d Cir. 2015).

When there is a scheduling order in effect, as here, deadlines for amendment of pleadings "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  When a plaintiff seeks leave to amend pleadings after the deadline set in a scheduling order, "the lenient standard under Rule 15(a) . . . must be balanced against the [good cause] requirement under Rule 16(b)[.]"  *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009).  The "primary consideration" in determining whether good cause exists "is whether the moving party can demonstrate diligence."  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  "Good cause is demonstrated by a showing that despite its having exercised diligence, the applicable deadline could not have been reasonably met by the [moving party]."  *Ideavillage Prods. Corp. v. Copper Compression Brands LLC*, No. 20-CV-4604, 2021 U.S. Dist. LEXIS 208659, at *5–6 (S.D.N.Y. Oct. 27, 2021) (quoting *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012)).  "The standard is typically not met 'when the proposed amendment rests on information that the party knew, or should have known, in

advance of the deadline.'" *Id.* at \*6 (quoting *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (internal quotation marks and citation omitted)). However, diligence is not the only consideration, and a court "also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [non-movants]." *Kassner*, 496 F.3d at 244.

II. Analysis

Plaintiff seeks leave to file a first amended complaint to correct "scrivener's errors"—namely, to correct registration numbers of the photographs at issue. Plaintiff argues that I should grant leave because Defendant will not be prejudiced, there is no bad faith, and the requested amendment is not futile. *See generally* Motion. Defendant opposes the motion on grounds of undue delay and futility. *See generally* Memorandum of Law in Opposition to Motion ("Opp."), ECF No. 37.

I begin with the obvious. Notably absent from Plaintiff's motion is any reference to cause, let alone good cause. Plaintiff offers no explanation for his delay—why it took him so long to identify his own error—nor any reason why I should overlook the sheer absence of diligence. Rather than arguing in favor of granting leave, Plaintiff focuses on why I should not deny leave. And this makes sense because Plaintiff's "proposed amendment rests on information that [Plaintiff] knew . . . in advance of the deadline." *Ideavillage*, No. 20-CV-4064, at \*6. Because denying the motion would be fatal to Plaintiff's claims, I consider other relevant factors, such as the overall timing, potential prejudice, and whether, as Defendant argues, amendment would be futile.

The overall timing of this motion weighs in favor of granting leave. Denying leave is generally not an abuse of a district court's discretion when the delays are substantially longer or the amendments proposed at materially later stages in proceedings. *See, e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming denial where plaintiffs

3

delayed their motion for over a year, until after discovery had been completed, and while a summary judgment motion was pending); *King-Devick Test Inc. v. NYU Langone Hosps.*, No. 17-CV-9307, 2019 U.S. Dist. LEXIS 117628, at *2–5 (S.D.N.Y. July 15, 2019) (denying leave where request came more than eight months past the applicable deadline, after the close of fact discovery, and seeking to add a theory of liability that Plaintiff were aware of for several years); *Decastro v. City of New York*, No. 16-CV-3850, U.S. Dist. LEXIS 153037, at *10 (S.D.N.Y. Aug. 24, 2020) (denying leave where request came three years after the completion of discovery, more than two years after a summary judgment decision, and mere weeks before pre-trial motions were due). This case is easily distinguishable, as discovery has not yet closed, Defendant has yet to take Plaintiff's deposition, there has been no dispositive motion practice, and the motion comes six months after the deadline set by the Scheduling Order.[1]

In addition, I find that the proposed amendment will not prejudice Defendant in any legally relevant respect. "[D]istrict courts in this Circuit have held that they have discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order" where the amendment is not prejudicial. *Suarez v. Cal. Natural Living, Inc.*, No. 17-CV-9847, 2019 U.S. Dist. LEXIS 178108, at *2 (S.D.N.Y. Oct. 15, 2019) (internal quotations and citation omitted). In determining what constitutes prejudice, a court considers whether the inclusion of the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted). "But mere allegations that an amendment will

---

[1] Defendant focuses on the time elapsed since the start of this litigation, noting that the Complaint was filed thirteen months ago and discovery almost complete. Precedent, however, instructs me to focus on the delay with respect to the deadline set in the scheduling order, not with respect to the initial filing date.

require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" *Cardwell v. Davis Polk & Wardwell LLP*, No. 19-CV-10256, 2021 U.S. Dist. LEXIS 183277, at *41 (S.D.N.Y. Sept. 23, 2021) (internal quotation marks and alteration omitted) (quoting *A.V. by Versace, Inc. v. Gianni Versace*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)).

None of the *Block* factors are implicated by Plaintiff's proposed amendment. Despite Defendant's argument that "Plaintiff seeks to change the fundamental basis for the Complaint," Opp. at 3, Defendant is well aware of the photographs in issue. Further, Defendant has not yet taken Plaintiff's deposition. I foresee no delay resulting from the amendment, as Plaintiff does not seek to spring a new theory of liability, add a claim, or even add new photographs to his present claims. The amendment will not change, let alone interrupt, the course of the proceedings nor thwart the prior efforts of the parties. *Ideavillage*, No. 20-CV-4064, at *15. Finally, I am unaware of any other litigation that would be impacted if Plaintiff's amendment were allowed.[2] I therefore find that Defendant will not be prejudiced by granting leave.

As to futility, Defendant argues that any amendment would be futile because it "expects to establish that publication of the photographs is protected under the doctrine of fair use." Opp. at 3–4. Defendant attaches a recent decision from a district court in the Central District of California, in which Plaintiff sued a different defendant over its use of the same photographs. The court found in favor of that defendant on fair use grounds. Defendant's arguments are misguided and inapposite.

An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *State St. Global Advisors Trust Co. v. Visbal*,

---

[2] Defendant refers my attention to a case Plaintiff brought in the Central District of California against a different defendant contesting that defendant's unconsented use of Plaintiff's photographs. Defendant advises that Plaintiff lost that suit because the court ruled against Plaintiff on grounds of fair use. But a case already decided would obviously not be impacted by allowing leave.

431 F. Supp. 3d 322, 334 (S.D.N.Y. 2020) (citing *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).  In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all factual allegations [in the complaint] as true and draw[] all reasonable inferences in the plaintiff's favor." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2010) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)).

Defendant's opposition is predicated on fair use, and a seeming quasi-collateral estoppel theory, both of which are affirmative defenses, and neither of which is relevant to determining the sufficiency of a complaint or proposed amendment.  As Plaintiff seeks only to correct the registration numbers at issue, and Defendant has never moved to dismiss for failure to state a claim, I cannot see how allowing the amendment would only now render Plaintiff's claims implausible, and I decline to give Defendant an advanced ruling on the merits.

Notwithstanding the absence of good cause or diligence on Plaintiff's part, because the delay is not substantial and Defendant will in no way be prejudiced, I exercise my discretion, in the interests of justice, to allow Plaintiff to amend, solely to correct the registration numbers at issue.

## CONCLUSION

For the reasons provided above, the motion for leave to amend is granted. Plaintiff shall file the first amended complaint by November 23, 2021.  Defendant shall file its answer by December 3, 2021.  The parties shall continue and complete all non-expert discovery as scheduled by November 19, 2021.  The Clerk of the Court shall terminate the motion (ECF No. 33).

SO ORDERED.

Dated:      November 16, 2021              ___/s/ Alvin K. Hellerstein___
            New York, New York             ALVIN K. HELLERSTEIN
                                           United States District Judge